1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  ANDREW S. HUANG (CABN 193730)
   Assistant United States Attorney
5     1301 Clay Street, Suite 340S
      Oakland, CA 94612
6     Telephone: (510) 637-3680
      Fax: (510) 637-3724
7     E-Mail: andrew.huang@usdoj.gov

8  Attorneys for Plaintiff

9
                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                         OAKLAND DIVISION
12

13  UNITED STATES OF AMERICA,          )   No. CR 11-00883 PJH
                                       )
14          Plaintiff,                 )   UNITED STATES' SENTENCING
                                       )   MEMORANDUM
15     v.                              )
                                       )
16  MAHENDAR SINGH,                    )
    a/k/a "Mike Singh,"                )
17                                     )
            Defendant.                 )
18  _____   )

19

20  **I.      INTRODUCTION**

21          On January 11, 2012, pursuant to his Plea Agreement with the government, defendant

22  Mahendar Singh pleaded guilty to the sole count of the Indictment, which charged him with

23  Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c).  By this

24  Memorandum and in accordance with the parties' Plea Agreement, the government joins the

25  Probation Office's recommendation and respectfully requests that the Court sentence the

26  defendant to 108 months imprisonment; followed by a five-year term of supervsied release; no

27  fine; and a $100 special assessment.

28

U.S. Sent. Mem.
No. CR 11-00883 PJH

1

## II.     SUMMARY OF PERTINENT FACTS

2          With his wife and co-defendant, Helen Jean Singh, defendant Mahendar Singh operated a

3   prostitution business from approximately April 2011 until their arrest by the South San Francisco

4   Police Department on August 20, 2011.  During this period, the defendants recruited four teenage

5   females (collectively, "the victims"), including two 16-year olds, to work as prostitutes by

6   promising them money, drugs, and a family-like environment.  Once the victims were in their

7   employ, the defendants maintained control over them by providing drugs, using physical force,

8   and threatening violence.  Based in Sacramento, the defendants brought the victims regularly to

9   the Bay Area to work out of motels near the San Jose and San Francisco airports.  They

10  advertised the victims using Internet websites that featured the victims in provocative and

11  sexually explicit pictures.

12

## III.    GUIDELINES CALCULATIONS

14         The government concurs with the Probation Office's Presentence Investigation

15  Report("PSR"), which calculated a Total Offense Level of 31 and Criminal History Category I,

16  yielding a Guidelines range of 108 to 135 months.  These calculations are supported by facts

17  contained in both the PSR and the Plea Agreement.

18

## IV.    CONSIDERATION OF FACTORS UNDER 18 U.S.C. § 3553(a)

20         Title 18, United States Code, Section 3553(a) requires the Court "to impose a sentence

21  sufficient, but not greater than necessary" to, *inter alia*, "reflect the seriousness of the offense, to

22  promote respect for the law, and to provide just punishment for the offense" in addition to

23  protecting the public, affording adequate deterrence, and providing the defendant with necessary

24  corrective treatment.  In achieving a just sentence, a court is to consider these goals in addition to

25  factors such as "the nature and circumstances of the offense and the history and characteristics of

26  the defendant."  *Id.*  Here, the defendant, a 40-year old man, stands convicted of conspiring to

27  profit from the sexual exploitation of teenagers, including two juveniles.  His crime involves an

28  assortment of reprehensible behavior.  Not only were the teenage victims offered for commercial

U.S. SENT. MEM.
NO. CR 11-00883 PJH

sex services, the defendant ensured their compliance through providing illicit drugs and instilling fear through violence.  Nevertheless, the defendant's venture into the world of commercial sex services was relatively short-lived and, based on the investigation in this case, probably his first foray into this type of conduct.  Moreover, from the outset of the federal case, the defendant has stated his willingness to accept responsibility for his actions.

The defendant merits a 108-month sentence, which is at the low end of the defendant's Guidelines range and would appropriately reflect the gravity of this offense and the need to promote deterrence and respect for the law, see 18 U.S.C. § 3553(a)(2)(A), while taking into account the defendant's history and characteristics, see *id*. at § 3553(a)(1).  This sentence would be particularly impactful at this stage of the defendant's life, especially because he has never served any significant custodial time prior to this case.  While the defendant appeared to have suffered some abuse growing up, the fact that he engaged in the offense conduct much later in life, coupled with the fact that the conduct is radically different in both type and severity from any of his past criminal conduct, suggests that the challenges in the defendant's upbringing are not the proximate cause of his recent criminal conduct.  In fact, the defendant's choice to commit sex trafficking for the first time later in life than the typical offender indicates that his crime was not the product of youthful indiscretion nor that of a troubled childhood.  Therefore, on balance, the nature of the offense and the defendant's history and characteristics do not justify a variance from the Guidelines.

## V.   MANDATORY RESTITUTION

Despite making repeated requests to the victims in this case, the government has received no victim impact statements.  The government will provide copies to the Court and the defendant as soon as it receives any restitution claims.

U.S. SENT. MEM.
NO. CR 11-00883 PJH

1   **VI.    CONCLUSION**

2          For the reasons stated herein, the government requests that the Court sentence the

3   defendant to 108 months imprisonment, followed by five (5) years supervised release, no fine,

4   and a $100 special assessment.

5

6   DATED: April 10, 2012                    Respectfully submitted,

7                                            MELINDA HAAG
                                             United States Attorney
8

9                                            _____/s/_____
10                                           ANDREW S. HUANG
                                             Assistant United States Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. SENT. MEM.
NO. CR 11-00883 PJH