# Date of Original Judgment: April 23, 2012
(or Date of Last Amended Judgment)

## Reason for Amendment:

[ ] Correction of Sentence on Remand (Fed.R.Crim.P.35(a))
[ ] Reduction of Sentence for Changed Circumstances
  (Fed. R.Crim.P.35(b))
[ ] Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35©)
[ ] Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

[ ] Modification of Supervision Conditions (18 U.S.C § 3563© or 3583(e))
[ ] Modification of Imposed Term of Imprisonment for Extraordinary and
  Compelling Reasons (18 U.S.C. §3582(c)(1))
[ ] Modification of Imposed Term of Imprisonment for Retroactive
  Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
[x ] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. § 2255,
  [ ] 18 U.S.C. § 3559(c)(7), or [x ] Modification of Restitution Order

# United States District Court
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>**MAHENDAR SINGH** | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>USDC Case Number: CR-11-00883-001 PJH<br>BOP Case Number: DCAN411CR000883-001<br>USM Number:     16291-111<br>Defendant's Attorney : Joyce Leavitt, AFPD |

## THE DEFENDANT:

[x]     pleaded guilty to count(s): One of the Indictment .
[ ]     pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]     was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1594(c) | Conspiracy to Commit Sex Trafficking of Children or by Force, Fraud, and Coercion | August 20, 2011 | One |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]     The defendant has been found not guilty on count(s) ___.

[ ]     Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

April 18, 2012
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable Phyllis J. Hamilton, U. S. District Judge
Name & Title of Judicial Officer

July 11, 2012
Date

| | |
|---|---|
| DEFENDANT: MAHENDAR SINGH | Judgment - Page 2 of 7 |
| CASE NUMBER: CR-11-00883-001 PJH | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 108 months .

[**x**]     The Court makes the following recommendations to the Bureau of Prisons:
The defendant shall be designated to a facility as close to Northern California as possible to facilitate family visits.

[**x**]     The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]     The defendant shall surrender to the United States Marshal for this district.

[ ]  at ___ [] am [] pm on ___.
[ ] as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[ ] before  2:00 pm on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

DEFENDANT:      MAHENDAR SINGH                                     Judgment - Page 3 of 7
CASE NUMBER:    CR-11-00883-001 PJH

## SUPERVISED RELEASE

       Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

 The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[**x**]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[**x**]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[**x**]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]      The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

       If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

       The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        MAHENDAR SINGH                                    Judgment - Page 4 of 7
CASE NUMBER:      CR-11-00883-001 PJH

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

2.  The defendant shall pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

3.  The defendant shall make an application to register as a sex offender pursuant to state law.

4.  The defendant shall submit his person, residence, office, vehicle, or any property including digital media under his control to searches. Such searches shall be conducted by a United States Probation Officer, or any federal, state, or local law enforcement at any time, with or without cause. Failure to submit to such searches may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to such searches.

5.  The defendant shall have no contact with any victims or witnesses in this case, either directly or indirectly, before and after sentencing. "Contact" includes, but is not limited to, personal contact; telephone, mail, or electronic, mail contact; or any other written form of communication. The defendant shall not have any direct contact with co-defendant Helen Jean Singh and he may not have any indirect contact with her regarding any facts or issues related to this case.

6.  The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

7.  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

8.  The defendant shall participate in a sex offender treatment program, as directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program, including, but not limited to, polygraph. The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

DEFENDANT:     MAHENDAR SINGH                                    Judgment - Page 5 of 7
CASE NUMBER:   CR-11-00883-001 PJH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100 | $ Waived | $ 45,000 |

[] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. The defendant shall make all payments directly to the U.S. District Court Clerk's Office who will disburse payments to the payee.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Victim CN (payable to legal guardian) |  | $45,000 |  |
| Totals: | $ _ | $ 45,000 |  |

[ ] Restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[x] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ x ] the interest requirement is waived for the     [ ] fine   [ x ] restitution.

[ ] the interest requirement for the     [ ] fine     [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| DEFENDANT: MAHENDAR SINGH | Judgment - Page 6 of 7 |
| CASE NUMBER: CR-11-00883-001 PJH | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [**x**]  Lump sum payment of $100 for special assessment and $45,000 for restitution due immediately; balance due,

[ ]    not later than ____, or

[**x**]  in accordance with ( ) C, ( ) D, ( ) E, ( x ) F below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C  [ ]  Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [x]  Special instructions regarding the payment of criminal monetary penalties:
Payment of restitution and all other monetary penalties (special assessment and/or fine) must be made **during imprisonment** and shall be paid at not less than $25 per quarter through the Bureau of Prison's Inmate Financial Responsibility Program. Thereafter, **during any term of supervised release** and commencing 60 days after release from custody, restitution shall be paid at no less than $50 per month and all other remaining monetary penalties (special assessment and or/fine) shall be paid at no less than $50 per month.

All payments made during supervised release are payable to the Clerk of the U.S. District Court, Attention: Financial Unit, 450 Golden gate Avenue, Box 36060, San Francisco, CA 94102.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
| | | | | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:        MAHENDAR SINGH                                    Judgment - Page 7 of 7
CASE NUMBER:   CR-11-00883-001 PJH

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[x ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

IT IS HEREBY ORDERED that the following property is forfeited to the United States:

Seized by South San Francisco Police Department incident to defendant's arrest on August 20, 2011:

Grey Dell Studio 1535 laptop computer, s/n D78YHH1;

Acer Aspire Laptop computer, s/n LUSG40D015123047312500;

Samsung SCH-T404G cellular phone, s/n RPYB201084T;

Samsung SGH-A697 cellular phone, s/n RP4B391078M;

LG brand cellular phone, s/n 102KPFX974387;

Sandisk Media Card, s/n BE0918413766G; and

$1,676.00 cash.

Seized by Federal Agents during the search of Don Kearney's home at 155 Tiger Lily Road, Pilot Hill, California, on October 5, 2011:

Pink Sony camera, model DSC-W120, s/n 7254397

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.